**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-10501
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAYMOND CHARLES COX

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-81-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Raymond Charles Cox, federal prisoner # 31902-177, pleaded guilty in 2006 to one count of possession with intent to distribute five grams or more of cocaine base (crack cocaine) and aiding and abetting in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence based on the United States Sentencing Commission's adoption of Amendment 706, which modified the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See* United States Sentencing Commission, *Guidelines Manual*, Supp. to Appendix C, Amendment 706, p. 226-31 (Nov. 1, 2007) (amending U.S.S.G. § 2D1.1(c)). The Government has filed a motion for summary affirmance or, alternatively, for an extension of time in which to file a brief on the merits.

"Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). The decision whether to reduce a sentence under § 3582(c)(2) is discretionary, and we review the denial of a § 3582 motion for abuse of discretion. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).

Cox contends that the district court abused its discretion when it denied his motion for a reduction of sentence because Amendment 706 applies to career offenders sentenced pursuant to U.S.S.G. § 4B1.1. He also argues that a mandatory application of the policy statements set forth in U.S.S.G. § 1B1.10 would violate the plain language of § 3582(c)(2), the district court's obligation to consider the 18 U.S.C. § 3553(a) factors, and the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Kimbrough v. United States*, 128 S. Ct. 558 (2007).

Cox has not shown that the district court abused its discretion in denying his motion for a reduction of sentence. A reduction in Cox's base offense level under § 2D1.1 pursuant to Amendment 706 would not affect his guideline range because the range was calculated under § 4B1.1. Because Cox's guideline range was not derived from the quantity of crack cocaine involved in the offense, he was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission. *See* § 3582(c)(2). Further, to the extent Cox

argues that the district court had the discretion to reduce his sentence under § 3582(c)(2) in light of *Booker*, the argument is unavailing because *Booker* was not "based on a retroactive amendment to the Guidelines." *See United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994). Therefore, the district court did not abuse its discretion in denying Cox's motion for a reduction of sentence.

Cox also contends the district court erred when it denied his motion for reconsideration and clarification. Citing Rules 52(a) and 54(b) of the Federal Rules of Civil Procedure, he argues that the district court was required to state specific findings of fact and conclusions of law as to each claim in his § 3582(c)(2) motion and that the court's failure to do so precluded him from appealing the order. The denial of a motion for reconsideration is reviewed for abuse of discretion. *Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997) (FED. R. CIV. P. 59(e) motion); *Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (FED. R. CIV. P. 60(b)(6) motion).

The district court was not required to state findings of facts and conclusions of law on its denial of Cox's § 3582(c)(2) motion. *See* FED. R. CIV. P. 52(a)(3). Further, the district court did not enter a partial judgment pursuant to Rule 54(b). *See* FED. R. CIV. P. 54(b). Therefore, the district court did not abuse its discretion when it denied Cox's motion for reconsideration and clarification.

Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the Government's motion for an extension of time is DENIED.