# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 9, 2010

No. 08-30711
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ROBICHAUX,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-13-L

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant David Robichaux pleaded guilty in 2006 to charges of being a felon in possession of a firearm, of possession of a firearm in furtherance of a drug trafficking crime, and of possession with intent to distribute cocaine base ("crack"). He was sentenced within the sentencing guidelines to a total of 147 months imprisonment on the three charges. After the Sentencing Commission retroactively amended the crack cocaine guideline, the district court reviewed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30711

Robichaux's sentence pursuant to 18 U.S.C. § 3582(c)(2) and a special screening protocol set up by the United States District Court for the Eastern District of Louisiana. The district court ultimately denied a recommendation made pursuant to the District's procedure to reduce Robichaux's sentence. Robichaux timely appealed, asserting only that the district court failed to properly articulate reasons for denying the § 3582(c)(2) motion.

We conclude that Robichaux's argument is foreclosed by our recent decisions in *United States v. Evans*, 587 F.3d 667, 671–72, 675 (5th Cir. 2009), *petition for cert. filed*, No. 09-8939 (U.S. Jan. 28, 2010), *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009), and *United States v. Cooley*, 590 F.3d 293, 295–96 (5th Cir. 2009). We therefore AFFIRM.

## I. Facts & Procedural History

The United States charged Robichaux by indictment in the Eastern District of Louisiana with firearms and narcotics crimes constituting violations of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A)(i), 924(e)(2), 841(a)(1), and 841(b)(1)(C), all arising out of his simultaneous possession of several firearms, crack cocaine, and cocaine hydrochloride when he was stopped by New Orleans Police Department officers on suspicion of driving while intoxicated. On December 20, 2006, Robichaux pleaded guilty to all charges in the indictment by agreement with the United States. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Robichaux and the United States further agreed that he would be sentenced to 87 months imprisonment on the felon in possession of a firearm and drug possession charges, running concurrently, and to 60 months imprisonment on the possession of a firearm in furtherance of a drug trafficking crime charges, running consecutively, for a total sentence of 147 months imprisonment. The district court orally imposed judgment and the agreed sentence the same day and entered a written judgment on January 8, 2007.

No. 08-30711

Subsequent to Robichaux's conviction and sentencing, the United States Sentencing Commission amended the sentencing guidelines applicable to crack cocaine offenses, raising the minimum quantity of drugs required to trigger each base offense level, effective November 1, 2007. *See* U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") app. C, amend. 706 (Nov. 1, 2007). The Sentencing Commission later exercised its authority to render that amendment retroactive. *See id*. app. C, amend. 713 (Mar. 3, 2008); *see also* 28 U.S.C. § 994(u) (directing Sentencing Commission to designate whether guidelines amendments are retroactive and, if so, under what circumstances).

The Eastern District of Louisiana, by order of then-Chief Judge Berrigan, formed a Cocaine Base Retroactivity Screening Committee on January 30, 2008 to review the cases of all defendants sentenced in the Eastern District of Louisiana who were potentially affected by the retroactive amendment of the crack cocaine guidelines. The committee, consisting of a probation officer, an assistant United States attorney, and a federal public defender appointed to represent Robichaux, evaluated Robichaux's file and recommended that his sentence be reduced pursuant to the amended guidelines. Neither the United States nor Robichaux's appointed attorney offered any reason for the reduction beyond the mathematical fact that the retroactively-applied Guidelines would have placed Robichaux at a lower offense level, nor, indeed, was any particular extent of reduction to Robichaux's sentence recommended.[1] The lower offense level, however, would not necessarily have yielded a lower sentence: whereas Robichaux was sentenced to 87 months imprisonment for the crack cocaine

---

[1] The recommendation took the form of a worksheet with a revised Guidelines calculation and a series of optional checkboxes. Robichaux's counsel had checked the boxes labeled "Defendant is eligible for [§] 3582 sentence reduction" and "Defendant will not file a written memorandum," and the assistant United States attorney had checked the boxes labeled "Defendant is eligible for [§] 3582 sentence reduction" and "Government will not file a written response."

charges based on a Guidelines range of 87 to 108 months imprisonment, the revised Guidelines would have resulted in a Guidelines range for those charges of 70 to 87 months imprisonment.

This recommendation form, together with the materials from Robichaux's original sentencing[2] and a prison behavior report, was presented to the district judge who originally sentenced Robichaux on June 20, 2008. The district court, acting on its own motion, considered the recommended sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and, on July 11, 2008, denied the reduction in a single-page order without explanation or reasoning.[3] The district court held no hearing and offered no opportunity for further briefing before issuing the order denying the sentence reduction.

Robichaux timely appealed the district court's denial of his sentencing reduction to this court.

## II.  Standard of Review

In general, when a defendant fails to object to alleged sentencing errors before the district court and raises them for the first time on appeal, our review is for plain error only. *See, e.g.*, *United States v. Martinez*, 496 F.3d 387, 389 (5th Cir. 2007). We have, however, limited application of this rule to instances in which the defendant actually had an opportunity to raise the objection before the district court. *See United States v. Warden*, 291 F.3d 363, 365 n.1 (5th Cir. 2002). Robichaux arguably had no such opportunity here. Because we conclude that the district court did not err, we pretermit the question of whether plain

---

[2] The packet forwarded to the judge included the original Presentence Investigation Report which was drafted before the plea agreement in question and did not reference the original 87-month stipulated sentence in the plea agreement; it stated that there was no plea agreement.

[3] In response to the government subsequent motion to correct a clerical error in the judgment pursuant to Federal Rule of Criminal Procedure 36, the district court later adopted the screening committee's corrected Guidelines calculation as part of this order.

4

error review or the abuse of discretion standard applies here. We will assume the latter for purposes of our analysis.

In framing our review as abuse of discretion, it bears emphasizing that "this standard of review [does not] encompass[] the bifurcated procedural soundness/substantive reasonableness standard associated with appellate review of sentencing decisions post-*Booker* . . . . As we recently held in . . . *Evans*, because a sentence modification under § 3582(c)(2) does not constitute a complete resentencing, *Booker*'s 'reasonableness standard does not apply to § 3582(c)(2) proceedings.'" *Cooley*, 590 F.3d at 295 (footnote omitted) (quoting *Evans*, 587 F.3d at 672).

## III. Discussion

Robichaux's claim of error is a simple one: that the district court committed reversible error by failing to provide any reasons for denying the § 3582 motion in violation of the Supreme Court's holding in *Rita v. United States*, 551 U.S. 338, 356 (2007). Recent precedent in this circuit has made clear that a district court's failure to articulate reasons for denying a § 3582(c)(2) motion is not a basis for reversal.

We have explained that a § 3582(c)(2) sentence modification proceeding is categorically different from an original sentencing. *See Evans*, 587 F.3d at 672; *see also Doublin*, 572 F.3d at 238 ("[T]here are clear and significant differences between original sentencing proceedings and sentencing modification proceedings[.]") (quoting *United States v. Rhodes*, 549 F.3d 833, 840 (10th Cir. 2008), *cert. denied*, 129 S. Ct. 2052 (2009)). One consequence of these "clear and significant differences" is that 18 U.S.C. § 3553(c), requiring the district court's *statement* of reasons for sentencing, does not apply to sentence modifications. *Evans*, 587 F.3d at 672. Instead, U.S.S.G. § 1B1.10 governs. Section 1B1.10 requires that the district court, in assessing a sentence modification motion, "consider" the § 3553(a) factors. *See* U.S.S.G. § 1B1.10 cmt. n.1(B)(I). It

therefore follows that *Rita* does not govern a § 3582(c)(2) proceeding; *Rita*'s holding is expressly premised on § 3553(c). *See* 551 U.S. at 356 ("Rita argues that the court took inadequate account of § 3553(c), a provision that requires the sentencing judge, 'at the time of sentencing,' to 'state in open court the reasons for its imposition of the particular sentence.'").

Reasoning from these principles, we declined in *Evans* to find an abuse of discretion in the district court's failure to provide reasons for granting less than the entire sentence reduction sought by a defendant. 587 F.3d at 674. In reaching that holding, we cited with approval *United States v. Cox*, 317 F. App'x 401, 403 (5th Cir. 2009) (unpublished), for the proposition that "a court is 'not required to state findings of fact and conclusions of law' when denying a § 3582(c)(2) motion. . . . [A] defendant cannot successfully challenge a district court for failing to provide reasons for denying his motion to reduce his sentence . . . ." *Evans*, 587 F.3d at 674 (quoting *Cox*, 317 F. App'x at 403). *Cooley*, in turn, applied *Evans* to a denial of a § 3582(c)(2) sentence reduction motion. 590 F.3d at 297–98 ("Thus, '[t]o the extent that [the petitioner's] complaint is the fact that the district court failed to provide reasons . . . a court is 'not required to state findings of facts and conclusion of law' when denying a § 3582(c)(2) motion.") (quoting *Evans*, 587 F.3d at 674).

We have thus rejected precisely the sole argument advanced by Robichaux, and we are bound by that decision. *See, e.g.*, *Teague v. City of Flower Mound*, 179 F.3d 377, 383 (5th Cir. 1999) ("[T]he rule of orderliness forbids one of our panels from overruling a prior panel . . . ."). We acknowledge that, in prior cases, there was argument before the district court on the § 3553(a) factors, and that we have inferred consideration of the factors on that basis. *See, e.g.*, *Evans*, 587 F.3d at 673. There was no such argument here. The rule, however, that has evolved from our case law is sufficiently broad to preclude our reversal here despite the fact that no argument on the § 3553(a) factors was presented to the

No. 08-30711

district court.  *See Cooley*, 590 F.3d at 297–98.  In part, we rely on the limited scope of Robichaux's argument on appeal: he does not assert that the district failed to *consider* the § 3553(a) factors in violation of § 1B1.10, but rather that the district court failed to *articulate* its reasoning in violation of *Rita*.  We have expressly held that consideration as required by § 1B1.10 is not the same as articulation.  *Evans*, 587 F.3d at 673 ("[T]hat the court did not mention the § 3553(a) factors when it summarily reduced Evans's sentence does not mean that it did not consider them.").  Robichaux asserts no other grounds for finding an abuse of discretion by the district court.  We must therefore affirm.[4]

**AFFIRMED.**

---

[4] In so holding, we pretermit consideration of the effect of Robichaux's appeal waiver in his plea agreement and the effect of the parties' original sentence agreement.  We need not reach these issues, raised by the United States as alternative grounds for affirmance, to resolve this appeal.  We note, however, that there is no indication that the original plea agreement was argued or presented to the court as part of the sentence modification process.