# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                    Plaintiff−Appellee,

versus

ANTONIO BERRY, Also Known as Tony Berry,

                    Defendant−Appellant.

———————————————

Appeal from the United States District Court
for the Eastern District of Texas

———————————————

Before HIGGINBOTHAM, SMITH, and COSTA, Circuit Judges.

PER CURIAM:

Antonio Berry, federal prisoner # 03256-043, appeals, on the basis of Amendment 782 to the Sentencing Guidelines, the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Reviewing for abuse of discretion, we affirm. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

Berry's brief is based entirely on his unsupported assumption that he is

No. 16-40353

eligible for a reduction in sentence under Amendment 782. Because he has not assigned error to, or briefed, the issue of his eligibility for a reduction under Amendment 782, review of that issue is waived. *See Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Berry contends that the district court erred in failing to consider the 18 U.S.C. § 3553(a) factors and in failing to give reasons for denying his § 3582(c)(2) motion. Berry was held ineligible for a reduction in sentence; therefore, the court was not required to continue to consider the § 3553(a) factors. *See United States v. Garcia*, 655 F.3d 426, 430 (5th Cir. 2011). Insofar as Berry argues that the court erred in failing to give reasons for the denial of his motion, this court, citing Federal Rule of Civil Procedure 52(a)(3), held in *United States v. Cox*, 317 F. App'x 401 (5th Cir. 2009), that a district court is not required to state findings of facts and conclusions of law in denying a § 3582(c)(2) motion. We now reaffirm the holding in *Cox*.

Contending that he is also eligible for sentencing relief under *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), Berry claims that the district court and the government have the discretion to reduce his sentence. The facts of Berry's case, however, are sufficiently distinguishable from those in *Holloway* so as to render it inapplicable. *See id.* at 312−13 (noting that Holloway's counts ran consecutively, not concurrently). Finally, Berry challenges his original sentence, maintaining that the presentence report misstated his criminal history category such that the application of Amendments 457 and 500 violated the Ex Post Facto Clause. A § 3582(c)(2) proceeding, however, is not a full resentencing or an opportunity to challenge the original sentence. *Dillon v. United States*, 560 U.S. 817, 825−26 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). Thus, claims regarding the validity

No. 16-40353

of the original conviction and sentence are not cognizable by way of a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). In light of the preceding, Berry has not shown that the district court abused its discretion in denying the § 3582(c)(2) motion. *See Evans*, 587 F.3d at 672.

AFFIRMED.