# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-20721
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

BOBBY LEE FERREL,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-386-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Bobby Lee Ferrel, federal prisoner # 72048-279, pleaded guilty to a single count of conspiracy to commit a drug trafficking offense while in possession of a firearm in violation of 18 U.S.C. § 924(o). The district court granted the Government's motion for a downward departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines and imposed a sentence of 180 months in prison. Ferrel then moved for a reduction in sentence under 18

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20721

U.S.C. § 3582(c)(2), which the district court denied.  Ferrel appeals the denial of his § 3582(c)(2) motion.

We review the denial of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  In evaluating a request for a sentence reduction, the district court first must determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010).  Section 1B1.10 authorizes a reduction if a defendant is serving a term of imprisonment and the sentencing range applicable to him is lowered by an amendment to the guidelines listed in § 1B1.10(d).  § 1B1.10(a)(1).  A reduction is not authorized if an amendment does not reduce a defendant's "applicable guideline range," meaning the range prescribed by U.S.S.G. § 1B1.1(a), before any departures or variances.  *See* § 1B1.1(a) (describing method for calculating guideline range based on offense level and criminal history category); § 1B1.10(a)(2)(B); § 1B1.10 cmt. n.1(A).

In his § 3582(c)(2) motion, Ferrel argued that he was eligible for relief under Amendment 782.  The record reflects that the application of Amendment 782 would reduce Ferrel's total offense level from 39 to 37 but still subject him to the same advisory guideline range as his original sentencing: the statutory maximum of 240 months.  Ferrel suggests that we should take into account the district court's downward departure pursuant to § 5K1.1.  But a defendant's eligibility for relief under § 1B1.10 (and thus, under § 3582(c)(2)) is determined without considering the effect of a departure.  *See* § 1B1.10 cmt. n.1(A).  Otherwise put, the district court's downward departure based on the Government's § 5K1.1 motion did not reduce Ferrel's offense level or his guideline range then, and it does not affect the applicable guideline range for purposes of our § 3582(c)(2) eligibility analysis now.  Therefore, because Amendment 782 did not reduce Ferrel's applicable guideline range, he was

ineligible for a sentence reduction.  *See* § 1B1.10(a)(2)(B); § 1B1.10 cmt. n.1(A); *United States v. Bowman*, 632 F.3d 906, 910-11 (5th Cir. 2011).

Ferrel nonetheless argues that the district court should have determined whether he was entitled to a reduction based on the 18 U.S.C. § 3553(a) factors, assessed whether he presented a danger to the community, and considered his post-sentencing behavior.  But because he was ineligible for a reduction, the district court was not required to review these matters before denying his § 3582(c)(2) motion.  *See Dillon*, 560 U.S. at 826-27.  To the extent Ferrel argues that the district court did not adequately explain its denial, his claim is unavailing because a court is "'not required to state findings of facts and conclusions of law' when denying a § 3582(c)(2) motion." *Evans*, 587 F.3d at 674 (quoting *United States v. Cox*, 317 F. App'x 401, 403 (5th Cir. 2009)).

Ferrel has failed to establish that the district court abused its discretion by denying his § 3582(c)(2) motion. Thus, the judgment of the district court is AFFIRMED.