# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-30299
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Chad Lightfoot,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CR-274-1

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Chad Lightfoot, federal prisoner # 20367-035, appeals the denial of his motion for a sentence reduction based on Amendment 821 of the Sentencing Guidelines per 18 U.S.C. § 3582(c)(2) and compassionate release per § 3582(c)(1)(A)(i). We review the decision to reduce a sentence for abuse of discretion but the "district court's conclusion that it could not reduce a

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sentence based on an interpretation or application of the Guidelines" *de novo*. *United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

As an initial matter, Lightfoot does not assign error to, or brief, the issue of his eligibility for a reduction based on Amendment 821; thus, he has forfeited review of that issue. *See United States v. Berry*, 869 F.3d 358, 359 (5th Cir. 2017). Likewise, he has abandoned claims related to the denial of his motion to supplement, his request for concurrent sentences, and his request for credit for time served. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Lightfoot contends that the district court erred by dismissing his motion without addressing his characteristics, rehabilitation efforts, desire to serve as a kidney donor for his sister, and need to provide financial and emotional support for his children. To the extent that he intends to assert that the district court erred by failing to consider those facts, as they overlap with the 18 U.S.C. § 3553(a) factors, in denying his § 3582(c)(2) motion, he fails to show error. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010). To the extent that he intends to assert that the district court erred by failing to address his motion for compassionate release, per § 3582(c)(1)(A)(i), the record does not indicate that the district court addressed that motion. Accordingly, we remand that issue for consideration and disposition. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020).

Lightfoot fails to demonstrate any legal error in the district court's failure to address issues of original sentencing, including the inflation of his offense level and criminal history score. *See United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009). Likewise, his assertion that the probation officer miscalculated his criminal history points at sentencing, related to a 2004 conviction of flight, is not cognizable under § 3582(c)(2). *See id.*

Because the district court appointed counsel to represent Lightfoot as

to any relief under Amendment 821, his assertion that the district court erred by denying his motion for counsel to assist with matters he alleged were related to relief under Amendment 821 is moot. The court did not err by failing to appoint counsel to represent Lightfoot as to sentencing-calculation errors related to jail credits, educational credits, program credits, and good-time credits. *See United States v. Escajeda*, 58 F.4th 184, 187–88 (5th Cir. 2023).

We AFFIRM the denial of Lightfoot's motion under § 3582(c)(2), and we REMAND for the district court's consideration and disposition of Lightfoot's § 3582(c)(1)(A)(i) motion. Lightfoot's motion to strike the government's letter brief is DENIED.