# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-10164
CONSOLIDATED WITH
No. 24-10320

---

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN DANIEL MARES,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 2:16-CR-55-1

---

Before GRAVES, WILLETT, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Juan Daniel Mares, federal prisoner # 54759-177, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 168-month sentence for a controlled substance offense. His motion was based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines. The district court denied the motion based on its finding that Mares possessed a

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10164
c/w No. 24-10320

firearm in connection with his offense—at sentencing he was assessed a two-level enhancement for possessing a firearm under U.S.S.G. § 2D1.1(b)(1)—and, thus, he was ineligible for a sentence reduction because he did not qualify as a zero-point offender through the application of U.S.S.G. § 4C1.1(a)(7) (2023).

We review for abuse of discretion a district court's denial of a motion for a sentence reduction pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). On appeal, Mares first argues that there was insufficient evidence to support his § 2D1.1(b)(1) enhancement for possession of a firearm. However, his challenge to his § 2D1.1(b)(1) enhancement is not cognizable in a § 3582(c)(2) motion or any related appeal. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010).

Second, Mares contends that the district court erred because it failed to provide "sufficient information as to the grounds for denial" of his § 3582(c)(2) motion. This contention is unavailing as the district court explained its reasons for the denial of Mares's motion in a sealed statement of reasons and explained this fact to Mares. Further, in the light of the arguments he makes on appeal, it is clear that Mares understands the reason that the district court denied his motion.

Third, Mares contends that the district court violated the principle of party presentation by denying his § 3582(c)(2) motion without a response or argument from the Government. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020). We are unpersuaded, as Mares presented his arguments in the district court and § 3582(c)(2) does not require that the Government file a response or that the district court consider such a response before conducting a § 3582(c)(2) analysis.

No. 24-10164
c/w No. 24-10320

Fourth, Mares contends that the 18 U.S.C. § 3553(a) factors favored granting his motion. However, because Mares was not eligible for a sentence reduction under § 3582(c)(2), the district court properly stopped at step one of the "two-step inquiry" and did not analyze the § 3553(a) factors. *See Dillon*, 560 U.S. at 826; *United States v. Berry*, 869 F.3d 358, 359 (5th Cir. 2017).

Based on the foregoing, there is no basis for a determination that the district court abused its discretion in denying Mares's motion. *See Calton*, 900 F.3d at 710. Accordingly, the order of the district court is AFFIRMED.