# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40051
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FERNANDO VALDEZ, also known as Spook,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-65-11

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Fernando Valdez, federal prisoner # 58286-179, moves to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 782 to the Sentencing Guidelines. Valdez pleaded guilty to conspiracy to possess with the intent to distribute more than five kilograms of cocaine and was sentenced as a career offender under U.S.S.G. § 4B1.1 to 210 months of imprisonment. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40051

court denied Valdez's § 3582(c)(2) motion, finding that Valdez was ineligible for a reduction of sentence because his guidelines range was based on his status as a career offender under U.S.S.G. § 4B1.1 and was not based on a drug quantity determined under U.S.S.G. § 2D1.1.

By moving to proceed IFP, Valdez is challenging the certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). We review the district court's decision whether to reduce a sentence under § 3582(c)(2) for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo and its findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). A district court must first determine whether a prisoner is eligible for relief under § 3582(c)(2) before determining whether to grant a reduction and the extent of the reduction. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Valdez contends that the court failed to provide an explanation for the denial of his motion; the court failed to review his postconviction conduct; and the court failed to notify Valdez of the contents of a new presentence report. Valdez further asserts that the court's denial of his motion created a disparity in his sentence.

Because Valdez's guidelines range was not based on drug quantity but rather his status as a career offender, the district court was correct in concluding that Valdez was not eligible for a reduction under Amendment 782 and § 3582(c)(2). *See United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009); *see* U.S.S.G., App. C., Amend. 782 (amending the drug quantity table set forth at U.S.S.G. § 2D1.1(c)); *see also* U.S.S.G., App. C, Amend. 788 (providing that Amendment 782 becomes retroactively applicable on November 1, 2015). Accordingly, it is unnecessary to address Valdez's remaining arguments. *See Dillon*, 560 U.S. at 826-27.

No. 15-40051

Valdez has failed to show that his appeal involves a nonfrivolous issue. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). His IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n. 24.