# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41486
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL RUIZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-643-2

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Ruiz, Jr., federal prisoner # 57857-179, pleaded guilty to possession with intent to distribute 4.83 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). Ruiz was found to be a career offender under U.S.S.G. § 4B1.1, but the district court varied from the applicable guidelines range of 292 to 365 months for reasons related to the 18 U.S.C. § 3553(a) factors and sentenced Ruiz to 210 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41486

Ruiz now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).  In the § 3582(c)(2) motion, Ruiz argued that he was entitled to resentencing based on Sentencing Guidelines Amendment 782, which lowered the base offense levels for most drug-trafficking offenses.

By moving to proceed IFP, Ruiz challenges the district court's certification that his appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  The record confirms that Ruiz was not eligible for a § 3582(c)(2) sentence reduction under Amendment 782 because, as a career offender pursuant to § 4B1.1, he was not sentenced based on a guidelines range that was subsequently lowered by Amendment 782. *See United States v. Anderso*n, 591 F.3d 789, 790-91 (5th Cir. 2009); § 3582(c)(2).  The fact that the district court varied from the calculated guidelines range based on its consideration of the § 3553(a) factors does not change Ruiz's status as a career offender.  *See United States v. Carter*, 595 F.3d 575, 578 (5th Cir. 2010).  Accordingly, the district court did not abuse its discretion by denying the § 3582(c)(2) motion.  *See Anderson*, 591 F.3d at 791.

This appeal does not present a nonfrivolous issue.  *See Howard,* 707 F.2d at 220.  Accordingly, Ruiz's IFP motion is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.