# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40003
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAIME STEVENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-458-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Without a plea agreement, Jaime Stevens, federal prisoner # 94455-079, pleaded guilty to conspiring to possess with intent to distribute 1.706 kilograms of cocaine and possessing with intent to distribute 1.706 kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). Stevens was found to be a career offender under U.S.S.G. § 4B1.1, but the district court varied from the applicable guidelines range of 188 to 235 months for reasons

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

related to the 18 U.S.C. § 3553(a) factors and sentenced Stevens to 115 months of imprisonment on each count, to be served concurrently.

Stevens moves in this court for leave to proceed in forma pauperis (IFP) from the denial of his motions seeking a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. The district court determined that Stevens was ineligible for a reduction because he qualified as a career offender, even though the court had varied below the applicable career offender guidelines range. The court also certified that Stevens's appeal was not taken in good faith.

By moving to proceed IFP, Stevens challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Stevens was eligible for a sentence reduction only to the extent it would be consistent with U.S.S.G. § 1B1.10, p.s. *See* § 3582(c)(2); *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Although Amendment 782 is listed in § 1B1.10(d), it does not have the effect of lowering Stevens's "applicable guidelines range." § 1B1.10(a)(2)(B); *see also* § 1B1.10, p.s., comment. (n.1(A)). The "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to [U.S.S.G.] § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10, p.s., comment. (n.1(A)). The guidelines range applicable to Stevens was the career offender range under § 4B1.1. Amendment 782 lowered only the U.S.S.G. § 2D1.1 drug quantity guideline range. The Supreme Court's decision in

No. 17-40003

*Freeman v. United States*, 564 U.S. 522 (2011), is irrelevant to Stevens's case. Accordingly, the district court did not err in determining that Stevens was not eligible for a sentence reduction. *See United States v. Quintanilla*, 868 F.3d 315, 319-22 (5th Cir. 2017).

Accordingly, Stevens's appeal does not involve any "legal points arguable on their merits." *Howard*, 707 F.2d at 220. His motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.