# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50813
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BARRY YETT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:95-CR-33-2

Before HIGGINBOTHAM, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:*

Barry Yett, federal prisoner # 61167-080, pleaded guilty in July 1995 to possession of cocaine base with intent to distribute and possession of a firearm by a felon. He moves for leave to proceed in forma pauperis (IFP) in his appeal of the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a sentence reduction under Amendment 782 to the Sentencing Guidelines. In his motion to proceed IFP, Yett challenges the district court's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50813

determination that he was ineligible for a sentence reduction due to his status as a career offender.

By moving for leave to proceed IFP, Yett challenges the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

When Yett was originally sentenced, although the district court determined that he was a career offender under U.S.S.G. § 4B1.1 (1994), his guidelines range was determined in accordance with the higher offense level produced by the drug quantity table of § 2D1.1. *See* § 4B1.1 (1994). His original sentence of 360 months of imprisonment was within the guidelines range of 292 to 365 months. Yett filed a § 3582(c)(2) motion in March 2008, seeking a sentence reduction based on Amendment 706 to the Guidelines, which reduced the guidelines ranges for most offenses involving cocaine base. *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). The district court originally denied the motion, and this court vacated the judgment. *See United States v. Yett*, 407 F. App'x 779, 780-81 (5th Cir. 2011).

Upon remand, the district court determined that the offense level produced by the career offender guideline was higher than the level produced by the applicable amendments to § 2D1.1, and the career offender guidelines range of 262 to 327 months was therefore applicable. *See United States v. Yett*, No. 11-50349, 2012 WL 13764, 1-2 (5th Cir. Jan 4, 2012); § 4B1.1 (1994). Using the career offender guidelines range, the district court reduced Yett's sentence from 360 months to 324 months. On appeal, this court, inter alia, rejected

No. 15-50813

Yett's challenge to the district court's application of the career offender guideline and affirmed the district court's judgment.

Thus, the record confirms that Yett was not eligible for a § 3582(c)(2) sentence reduction under Amendment 782 because, as he was sentenced as a career offender pursuant to § 4B1.1, his sentence is not based on a guidelines range that was subsequently lowered by Amendment 782. *See United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009); § 3582(c)(2).

Accordingly, the district court did not abuse its discretion by denying the instant § 3582(c)(2) motion. *See Anderson*, 591 F.3d at 791. This appeal does not present a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Yett's IFP motion is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.