# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51143
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

JUAN ESTRADA, JR.,

          Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:97-CR-62-1

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Juan Estrada, Jr., federal prisoner # 43539-080, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of sentence. Estrada argues that the sentence imposed following his conviction of possessing with intent to distribute cocaine should be reduced based on Amendment 782 to U.S.S.G. § 2D1.1(c), which lowered the drug-related base offense levels in the drug quantity table.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-51143

By moving for leave to proceed IFP, Estrada is challenging the district court's certification that his appeal would be frivolous and not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

The district court correctly determined that Estrada was not eligible for relief under § 3582(c)(2) because he was sentenced under the career offender provision in U.S.S.G. § 4B1.1, and Amendment 782 to § 2D1.1(c) did not have the effect of lowering his offense level or guidelines range. *See* U.S.S.G. § 1B1.10(a)(2)(B), p.s.; *United States v. Anderson*, 591 F.3d 789, 790-91 & n. 9 (5th Cir. 2009). Moreover, the district court did not abuse its discretion or violate Estrada's due process rights by failing to give him notice or an opportunity to respond before denying his motion.

For the first time on appeal, Estrada argues that the provision in § 1B1.10(a)(2)(B) barring career offenders from obtaining relief under § 3582(c)(2) violates the Ex Post Facto Clause, his equal protection rights, and is an unconstitutional bill of attainder. However his arguments do not establish error, plain or otherwise. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To the extent Estrada argues that application of the career offender enhancement itself violated his equal protection rights, he is raising a challenge to his original sentence that is not cognizable in a § 3582(c)(2) proceeding. *See United States v. Hernandez*, 645 F.3d 709, 711-12 (5th Cir. 2011).

Estrada has not shown that he will raise a nonfrivolous issue on appeal with respect to the denial of his § 3582(c)(2) motion. *See Howard*, 707 F.2d at

2

No. 15-51143

220. Accordingly, his motion for leave to proceed IFP is DENIED. Because Estrada's appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.