## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-50677

————

United States Court of Appeals
Fifth Circuit

**FILED**

August 16, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

MELISSA QUINTANILLA,

Defendant - Appellee

———————————————————

cons/w 16-50682

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

DUSTIN RAY NICHOLS, also known as Dustin Nichols

Defendant - Appellee

———————————————————

cons/w 16-50683

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

JANE CERVANTEZ, also known as Jane Cervantes

Defendant - Appellee

———————————————————

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

cons/w 16-50687

UNITED STATES OF AMERICA,

        Plaintiff - Appellant

v.

JUSTIN ANDERSON,

        Defendant - Appellee

_____
cons/w 16-50688

UNITED STATES OF AMERICA,

        Plaintiff - Appellant

v.

MARTI GAIL MCPHERSON,

        Defendant - Appellee

_____
cons/w 16-50689

UNITED STATES OF AMERICA,

        Plaintiff - Appellant Cross-Appellee

v.

MICHAEL SCOTT COOKSEY,

        Defendant - Appellee Cross-Appellant

_____

2

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

cons/w 16-50690

UNITED STATES OF AMERICA,

              Plaintiff - Appellant

v.

TAVICHE MARQUISE GRIMES, also known as Tavichie Mequise Grimes,

              Defendant - Appellee
_____
cons/w 16-50691

UNITED STATES OF AMERICA,

              Plaintiff - Appellant

v.

JAMES WALTER LEE,

              Defendant - Appellee
_____
cons/w 16-50694

UNITED STATES OF AMERICA,

              Plaintiff - Appellant

v.

TRAY WILLIAMS,

              Defendant - Appellee
_____

3

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

cons/w 16-50700

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

ELIZABETH ANN PARADA,

Defendant - Appellee

_____

cons/w 16-50704

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

DODIONNE GAY WATSON,

Defendant - Appellee

_____

cons/w 16-50705

UNITED STATES OF AMERICA,

Plaintiff - Appellant

v.

KENNETH MORRISON,

Defendant - Appellee

_____

4

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

cons/w 16-50706

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant

v.

LEE EDWARD WILLIAMS,

　　　　Defendant - Appellee

_____

cons/w 16-50707

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant

v.

JOSE ARON SOTELO,

　　　　Defendant - Appellee

_____

cons/w 16-50709

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellant

v.

LATOYA LATRICE GOLDEN, also known as Toya,

　　　　Defendant - Appellee

_____

5

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

cons/w 16-50715

UNITED STATES OF AMERICA,

        Plaintiff - Appellant

v.

DAVID WAYNE FRAZIER, JR., also known as David Frazier, Jr.,

        Defendant - Appellee

_____

cons/w 16-50716

UNITED STATES OF AMERICA,

        Plaintiff - Appellant

v.

CHARLES EARL THOMAS,

        Defendant - Appellee

————————————

Appeals from the United States District Court
for the Western District of Texas

————————————

Before DAVIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:

      Before the Court are seventeen consolidated criminal appeals presenting essentially the same question of law: whether each defendant is entitled to a two-level reduction to offense level under Amendment 782 to the United States

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

Sentencing Guidelines, which permits such a reduction for sentences based on the drug quantity under U.S.S.G. § 2D1.1, when the original sentence in each case was calculated starting from the higher guideline range for career offenders under U.S.S.G. § 4B1.1. As explained further below, 18 U.S.C. § 3582(c)(2) authorizes a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Because we hold that the sentences in these appeals were not "based on" § 2D1.1's drug quantity range but rather on § 4B1.1's higher career offender guideline range, the district court was without authority as a matter of law to modify the sentences, and the judgments of the district court must be REVERSED.

## I.    Background

Not only do all seventeen appeals present the same issue of law,[1] but the relevant facts and applicable law are the same in all material respects. The relevant facts are as follows: Each defendant was convicted of a drug crime, which resulted in a guideline range under § 2D1.1 based on the drug quantity. Each defendant also qualified as a career offender, resulting in a guideline range under § 4B1.1 based on that status. In each case, the § 4B1.1 career offender guideline range was higher than the § 2D1.1 drug quantity range.

Under § 4B1.1(b), "if the offense level for a career offender from the table in this [career offender] subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."

---

[1] One of them, *United States v. Cooksey*, No. 16-50689, also presents one small additional issue, discussed at the end of this opinion.

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

Thus, the higher § 4B1.1 guideline range was the required starting range for each defendant. The district court at each original sentencing in fact applied the higher § 4B1.1 guideline range. From that range, the district court applied various reductions that are not at issue in these cases. The final sentence was typically somewhere between the starting § 4B1.1 range and the lower § 2D1.1 range, though in some cases the final sentence, after all appropriate reductions, was within or even lower than the original § 2D1.1 range.[2] Of course, if the court had started at the § 2D1.1 range and applied all of those reductions, the sentence would have been lower still.

After the original sentencings, the Sentencing Commission enacted Amendment 782, effective November 1, 2014 and retroactive to earlier sentences, which amended § 2D1.1 to allow a two-level reduction to offense level based on the drug quantity.[3] The amendment affects § 2D1.1 and a few other minor sections tied to § 2D1.1, but it does not change § 4B1.1 in any way. In Amendment 782's "Reason for Amendment" section, the Sentencing Commission stated that "existing statutory enhancements, such as those available under 18 U.S.C. § 924(c), and guideline enhancements for offenders who possess firearms, use violence, have an aggravating role in the offense, *or are repeat or career offenders*, ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences."[4]

---

[2] In *United States v. Grimes*, No. 16-50690, the defendant's § 2D1.1 range was 130-162 months, and the § 4B1.1 range was 262-327 months, but the final sentence after substantial reductions was 151 months, within the original § 2D1.1 range. In *United States v. Parada*, No. 16-50700, *United States v. Morrison*, No. 16-50705, *United States v. Sotelo*, No. 16-50707, and *United States v. Golden*, No. 15-50709, the final sentence, after all reductions, was lower than the § 2D1.1 range.

[3] U.S.S.G. App. C, Amendment 782 (2014).

[4] *Id.* (emphasis added).

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

Under 18 U.S.C. § 3582(c)(2), a district court has authority to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." Under U.S.S.G. § 1B1.10(a)(1):

> In a case in which a defendant is serving a term of imprisonment, and the *guideline range applicable to that defendant has subsequently been lowered* as a result of an amendment to the Guidelines Manual listed in subsection (d) below [NB: subsection (d) includes Amendment 782], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.[5]

Each of the defendants applied for and received a two-level reduction under Amendment 782. In its virtually identical orders granting the defendants' motions to reduce the sentence, the district court:

> [found] that Movant [was] eligible for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) because his original sentence was "based on" the amended guideline § 2D1.1 . . . . *See* § 3582(c)(2); *see also* [*Freeman v. United States*, 131 S. Ct. 2685, 2695 (2011)] (allowing a § 3582(c)(2) reduction with a Rule 11(c)(1)(C) plea agreement if agreed sentence was based on the guidelines). . . .

> In the instant case, Movant's sentence was "based on" the drug guideline range. . . . Just like when the parties to an 11(c)(1)(C) binding plea agreement may choose a downward departure tied to a drug guideline range, a judge may depart to a sentence otherwise tied to the initial drug guideline range. The sentence would still be "based on" the drug guideline range under *Freeman*.

The district court also cited *United States v. Jackson*, 678 F.3d 442, 445 (6th Cir. 2012), for the proposition that a sentence is "based on" § 2D1.1 if the

---

[5] U.S.S.G. § 1B1.10(a)(1) (emphasis added).

district court clearly considered the lower drug quantity guidelines in downwardly departing from a higher applicable guideline range. Using this definition, the district court not only found that each defendant's sentence was "based on" the § 2D1.1 drug quantity range, but that each defendant was in fact entitled to a two-level reduction.

The government timely appealed each case on the ground that each defendant's original sentence was based on the career offender guideline range in § 4B1.1, not the lower drug quantity guideline range in § 2D1.1.

## II.    Jurisdiction and Standard of Review

We have appellate jurisdiction to review the district court's sentence modification under 18 U.S.C. § 3731. "[W]e review the decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion, its interpretation of the guidelines *de novo,* and its findings of fact for clear error."[6] "'A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence.'"[7]

## III.    Analysis

The crux of the issue is whether each defendant's original sentence was "based on" the drug quantity guideline range under § 2D1.1 or "based on" the career offender guideline range under § 4B1.1. Stated differently, the question under § 1B1.10(a)(1) in each case is whether the "guideline range applicable to that defendant has subsequently been lowered." Amendment 782 lowered only the § 2D1.1 drug quantity guideline range, so if the § 2D1.1 guideline range

---

[6] *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009) (citations omitted).

[7] *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011) (quoting *United States v. Smith*, 417 F.3d 483, 486–87 (5th Cir. 2005)).

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

was not "applicable to [a] defendant," then that defendant cannot receive a reduction under § 1B1.10 or § 3582(c)(2).

The government argues that the district court based its decision on inapposite legal authorities. Specifically, it argues that the Supreme Court's decision in *Freeman* is irrelevant because *Freeman* concerned a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), which is not at issue in any of these sentences. The government also correctly observes that the Fifth Circuit's decision in *Henderson*, *supra*, and the Sixth Circuit's decision in *Jackson*, *supra*, cited by the district court, are factually inapposite to the cases before us and do not provide authority for finding that the defendants' original sentences here were "based on" § 2D1.1's drug quantity guideline range when they were subject to a higher § 4B1.1 career offender guideline range.

Furthermore, the government points out that the Fifth Circuit has already held, in *United States v. Valdez*, 615 F. App'x 191, 192 (5th Cir. 2015), that a defendant may not obtain a reduction under Amendment 782 if his or her sentence was calculated from the higher career offender guideline range under § 4B1.1. The government notes that the unpublished opinion in *Valdez* is consistent with the Fifth Circuit's treatment of a previous amendment concerning the crack cocaine guidelines in *United States v. Anderson*, 591 F.3d 789 (5th Cir. 2009). The *Anderson* rule is consistent with the result reached by other circuits on both Amendment 782[8] and similar previous amendments.[9]

---

[8] *See United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) (per curiam), *United States v. Hall*, 628 Fed. App'x 681, 683 (11th Cir. 2016) (unpublished), *United States v. Banyi*, 637 Fed. App'x 532 (10th Cir. 2016) (unpublished), *United States v. Fritz*, 621 Fed. App'x 196 (4th Cir. 2015) (per curiam), *United States v. Steel*, 609 Fed. App'x 851, 856 (6th Cir. 2015) (unpublished).

[9] *See United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008); *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010); *United States v. Mateo*, 560 F.3d 152, 154-55 (3d Cir. 2009);

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

Indeed, there is even more authority than the government cited. At least four more unpublished Fifth Circuit opinions have concluded that a defendant is not entitled to a sentence reduction under Amendment 782 if that defendant was sentenced as a career offender under § 4B1.1.[10] There are no cases reaching the district court's contrary result.

Indeed, the Fifth Circuit strengthened the *Anderson* rule even further in *United States v. Banks*, 770 F.3d 346 (5th Cir. 2014), making it clear now that to determine under § 1B1.10 what is the "guideline range applicable to that defendant," we look only to the highest guideline range applicable at the time he or she seeks resentencing, even if another range was higher at the time of the original sentencing.

In *Banks*, the defendant's drug quantity guideline range under § 2D1.1 (38/VI) was higher than his career offender guideline range under § 4B1.1

---

*United States v. Munn*, 595 F.3d 183, 187 (4th Cir. 2010); *United States v. Webb*, 760 F.3d 513, 519 (6th Cir. 2014); *United States v. Forman*, 553 F.3d 585, 589 (7th Cir. 2009); *United States v. Tingle*, 524 F.3d 839 (8th Cir. 2008); *United States v. Wesson*, 583 F.3d 728, 731 (9th Cir. 2009); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-30 (11th Cir. 2008); and *United States v. Berry*, 618 F.3d 13, 17-18 (D.C. Cir. 2010).

[10] *See United States v. Estrada*, 672 F. App'x 476, 477 (5th Cir. 2017) ("The district court correctly determined that Estrada was not eligible for relief under § 3582(c)(2) because he was sentenced under the career offender provision in U.S.S.G. § 4B1.1, and Amendment 782 to § 2D1.1(c) did not have the effect of lowering his offense level or guidelines range."), *United States v. Ruiz*, 669 F. App'x 222 (5th Cir. 2016) ("The record confirms that Ruiz was not eligible for a § 3582(c)(2) sentence reduction under Amendment 782 because, as a career offender pursuant to § 4B1.1, he was not sentenced based on a guidelines range that was subsequently lowered by Amendment 782." (citing *Anderson, supra*)), *United States v. Saldivar*, 633 F. App'x 242 (5th Cir. 2016) ("The record reflects that Saldivar was not eligible for a § 3582(c)(2) sentence reduction under Amendment 782 because, as a career offender pursuant to U.S.S.G. § 4B1.1, she was not sentenced based on a guidelines range that was subsequently lowered by the Sentencing Commission."), and *United States v. Yett*, 669 F. App'x 273 (5th Cir. 2016) ("Thus, the record confirms that Yett was not eligible for a § 3582(c)(2) sentence reduction under Amendment 782 because, as he was sentenced as a career offender pursuant to § 4B1.1, his sentence is not based on a guidelines range that was subsequently lowered by Amendment 782.").

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

(37/VI), so he was originally sentenced under § 2D1.1.[11] A few years later, in 2008, he sought a two-level reduction based on the crack cocaine guidelines amendments under § 2D1.1.[12] The district court granted the reduction under § 2D1.1, but because his § 2D1.1 range was now lower than his § 4B1.1 range, the court recalculated his sentence starting with the § 4B1.1 range as his base guideline range, still in effect giving him a one-level reduction.[13]

The defendant later sought another reduction under Amendment 750, which had once again changed the drug quantity calculation under § 2D1.1, but the Fifth Circuit rejected the reduction on the ground that the sentence he was currently serving, i.e., the one in effect after the 2008 resentencing, was not "based on" § 2D1.1 but was "based on" § 4B1.1—even though the defendant's *original* sentence had been based on the then-higher § 2D1.1 drug quantity guideline range.[14] A recent unpublished Fifth Circuit opinion applied the *Banks* rule to preclude an Amendment 782 reduction under similar facts.[15]

The consolidated appeals here are far simpler. There is no question that the career offender guideline range under § 4B1.1 was higher than the drug quantity guideline range under § 2D1.1, so under the *Anderson/Banks* rule, we must conclude that all 17 sentences were "based on" § 4B1.1 and not on § 2D1.1, i.e., that under § 1B1.10(a)(1) the "guideline range applicable to that

---

[11] 770 F.3d at 347.

[12] *Id.* at 347-48.

[13] *Id.*

[14] *Id.* at 348-49.

[15] *See United States v. Jackson*, 667 F. App'x 869 (5th Cir. 2016) ("Nevertheless, that Jackson's offense level has been reduced, alone, does not entitle him to a sentence reduction under § 3582(c)(2). Although Amendment 782 would reduce Jackson's § 2D1.1 offense level, the court's determining it would use Jackson's career-offender offense level of 34, under § 4B1.1(b), because it is higher than that produced by § 2D1.1 following the amendment, was proper." (citation to *Banks* omitted)).

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688, 16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705, 16-50706, 16-50707, 16-50709, 16-50715, 16-50716

defendant" was the career offender range under § 4B1.1. Because Amendment 782 did not lower the guideline range under § 4B1.1, none of the defendants is entitled to a sentence reduction under § 1B1.10(a)(1) or § 3582(c)(2). Consequently, the district court lacked the authority as a matter of law to modify the defendants' sentences under § 3582(c)(2), and it therefore abused its discretion by granting the reductions.

For their part, the defendants attempt to sidestep the outcome required by the above cases by claiming Congress intended sentence reductions to be broader under § 3582(c)(2) than the Sentencing Commission suggested under § 1B1.10(a)(1), i.e., that § 3582(c)(2)'s language ("based on a sentencing range that has subsequently been lowered by the Sentencing Commission") is broader than § 1B1.10(a)(1)'s language ("guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual"). The defendants argue that § 3582(c)(2)'s use of "based on" is broad enough to include the district court's reasoning that a sentence is "based on" § 2D1.1 even if the § 2D1.1 drug quantity guideline range was lower than the § 4B1.1 career offender guideline range. This argument is foreclosed by the *Anderson/Banks* rule, however.

The only remaining question is the cross-appeal of defendant Michael Scott Cooksey in *United States v. Cooksey*, No. 16-50689. Cooksey pleaded guilty to two counts: (1) conspiring to possess five grams or more of methamphetamine with the intent to distribute it, and (2) possessing and concealing counterfeit U.S. currency. His offense level was calculated by breaking the counts down into two separate groups: the drug count and the counterfeit-obligations count. Because of the grouping rules, § 2D1.1's drug quantity range provided the base offense level for both counts. The drug count

14

No. 16-50677 Cons w/ Nos. 16-50682, 16-50683, 16-50687, 16-50688,
16-50689, 16-50690, 16-50691, 16-50694, 16-50700, 16-50704, 16-50705,
16-50706, 16-50707, 16-50709, 16-50715, 16-50716

resulted in an offense level of 26, while the counterfeit-obligations count, resulting in an offense level of 9, was disregarded. However, these were dwarfed by the career offender guideline range under § 4B1.1, which established a base offense level of 34.

The district court reduced Cooksey's drug count sentence as it did with all the other defendants, but it did not reduce his sentence on the counterfeit-obligations count and did not explain why. Cooksey has filed a cross-appeal arguing that he is entitled to a reduction on his counterfeit-obligations sentence under § 2D1.1 as well. Cooksey is not entitled to relief on his cross-claim for the same reason his sentence reduction should be reversed under the above analysis. Cooksey's sentence was "based on" his career offender status under § 4B1.1, so he was not entitled to a reduction on either count under Amendment 782.

## IV.   Conclusion

The district court's judgments in all seventeen consolidated cases are REVERSED, and the sentences in effect before the district court's reduction are hereby reinstated. As a matter of law, the district court was without authority to modify any of the sentences under Amendment 782.

15