# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2018

Lyle W. Cayce
Clerk

No. 17-40788
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO TIRADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-155-3

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Ricardo Tirado, federal prisoner # 35564-279, moves this court for leave to proceed in forma pauperis (IFP) in his appeal from the denial of his motion for a sentencing reduction pursuant to 18 U.S.C. § 3582(c)(2). He challenges the district court's determinations that he was ineligible for a sentencing reduction based on Amendment 782 to the Sentencing Guidelines and that his appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40788

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3).  Tirado's IFP motion in this court is construed as a challenge to the district court's certification decision. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  If the court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution.  *See Baugh*, 117 F.3d at 202.  However, "where the merits are so intertwined with the certification decision as to constitute the same issue," the court may deny the IFP motion and dismiss the appeal sua sponte as frivolous.  *Id.* at 202 & n.24; 5TH CIR. R. 42.2.

Section 3582(c)(2) permits the district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only if the modification is consistent with the guidelines policy statements.  § 3582(c)(2).  Amendment 782 changed the drug quantity table set forth at U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels.  *See* U.S.S.G., Appendix C, Amend.782; *United States v. Quintanilla*, 868 F.3d 315, 317 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018).  We review the district court's conclusion that Tirado is not eligible for a sentence reduction under the Guidelines de novo.  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009).

The record reflects that the district court adopted the presentence report, in which Tirado was held accountable for more than 4.5 kilograms of

No. 17-40788

methamphetamine (actual). As such, his base offense level remains unchanged after the enactment of Amendment 782. § 2D1.1(c)(1). Because the changes to the Guidelines did not lower Tirado's base offense level or his guidelines range, the district court correctly found that Tirado was ineligible for a sentencing reduction. *See Doublin*, 572 F.3d at 237; § 3582(c)(2).

Tirado's appeal does not involve a nonfrivolous issue. *See Howard*, 707 F.2d at 220. Accordingly, his IFP motion is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

MOTION DENIED; APPEAL DISMISSED.