# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-31186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 31, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK CHRIS GUYOT,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-355-4

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Derrick Chris Guyot, federal prisoner # 24498-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion in which he sought a reduction of the 216-month sentence imposed following his guilty plea conviction of conspiracy to distribute more than five kilograms of cocaine hydrochloride and 50 grams or more of cocaine base. He argues that he is entitled to a reduction based upon Amendment 782 to the Sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-31186

Guidelines and the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018).

The district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) or grant a motion for reconsideration is reviewed for abuse of discretion, the district court's legal conclusions are reviewed de novo, and "its findings of fact for clear error." *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) (citation omitted), *cert. denied*, 138 S. Ct. 1283 (2018). The district court must first consider whether the movant is eligible for a sentence reduction and the extent of the reduction authorized by the amendment. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The district court has discretion to modify a sentence that was based on a guidelines range that was subsequently lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). In *Hughes*, the Supreme Court held that a sentence reduction under § 3582(c)(2) is available in cases where the defendant pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C), if the guidelines range was part of the framework that the district court used in sentencing the defendant. *See Hughes*, 138 S. Ct. at 1775-76.

A reduction is not consistent with the Commission's policy statements or authorized under § 3582(c)(2) if the amendment to the guidelines range "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). "Amendment 782 lowered only the [U.S.S.G.] § 2D1.1 drug quantity guideline range, so if the § 2D1.1 guideline range was not 'applicable to [a] defendant,' then that defendant cannot receive a reduction under § 1B1.10 or § 3582(c)(2)." *Quintanilla*, 868 F.3d at 319 (second modification in original).

2

No. 18-31186

Guyot pleaded guilty pursuant to a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C). As part of the plea agreement, the parties agreed that the appropriate sentence was 18 years of imprisonment. The presentence report (PSR) calculated Guyot's guidelines range of imprisonment under U.S.S.G. § 4B1.1 and not the drug-quantity tables under § 2D1.1. The advisory guidelines range of imprisonment was 262 to 327 months of imprisonment. The district court adopted the PSR and accepted the plea agreement. The 216-month sentence imposed by the district court in accordance with the plea agreement was below the advisory guidelines range.

Thus, the advisory guidelines range was not derived from a drug quantity under § 2D1.1. Rather, it was based on Guyot's career offender status pursuant to § 4B1.1. Thus, Guyot is ineligible for a sentence reduction under Amendment 782. *See Quintanilla*, 868 F.3d at 319-22. Because § 2D1.1 was not part of the framework that the district court used in sentencing, Guyot was not eligible for a sentencing reduction under *Hughes*. *See* 138 S. Ct. at 1775-76.

The judgment of the district court is AFFIRMED.