# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2019

Lyle W. Cayce
Clerk

No. 18-41032
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN RAYMOND MITTS,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CR-26-2

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

John Raymond Mitts, federal prisoner # 21012-078, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion in which he sought a reduction of the 120-month sentence imposed following his guilty plea conviction for possession with the intent to distribute five grams or more of methamphetamine (actual). He asserts that he is entitled to a reduction based upon Amendment 782 to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41032

Sentencing Guidelines and the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018).

We review the district court's disposition of a § 3582(c)(2) motion for an abuse of discretion. *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018). The district court must first consider whether the movant is eligible for a sentence reduction and the extent of the reduction authorized by the amendment. *Dillon v. United States*, 560 U.S. 817, 827 (2010).

The district court has discretion to modify a sentence that was based on a guidelines range that was subsequently lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). In *Hughes*, the Supreme Court held that a sentence reduction under § 3582(c)(2) is available in cases where the defendant pleaded guilty pursuant to a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(C), if the guidelines range was part of the framework that the district court used in sentencing the defendant. *See Hughes*, 138 S. Ct. at 1775-76.

A reduction is not consistent with the Commission's policy statements or authorized under § 3582(c)(2) if the amendment to the guidelines range "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B), p.s. "Amendment 782 lowered only the [U.S.S.G.] § 2D1.1 drug quantity guideline range, so if the § 2D1.1 guideline range was not 'applicable to [a] defendant,' then that defendant cannot receive a reduction under § 1B1.10 or § 3582(c)(2)." *Quintanilla*, 868 F.3d at 319 (second modification in original).

Mitts pleaded guilty pursuant to a plea agreement under Rule 11(c)(1)(C). As part of the plea agreement, the parties agreed that the

appropriate sentence was 120 months of imprisonment. The presentence report (PSR) calculated Mitts's guidelines range of imprisonment under U.S.S.G. § 4B1.1 and not the drug-quantity table under § 2D1.1. The advisory guidelines range of imprisonment was 188 to 235 months of imprisonment. The district court adopted the PSR and accepted the plea agreement. The 120-month sentence imposed by the district court in accordance with the plea agreement was below the advisory guidelines range.

Thus, the advisory guidelines range was not derived from a drug quantity under § 2D1.1. Rather, it was based on Mitts's career offender status pursuant to § 4B1.1. Thus, Mitts is ineligible for a sentence reduction under Amendment 782. *See Quintanilla*, 868 F.3d at 319-22. Because § 2D1.1 was not part of the framework that the district court used in sentencing, Mitts was not eligible for a sentencing reduction under *Hughes*. *See Hughes*, 138 S. Ct. at 1775-76.

Mitts also asserts that the district court erred by failing to provide reasons for denying his § 3582(c)(2) motion. However, "a district court is not required to state findings of facts and conclusions of law in denying a § 3582(c)(2) motion." *United States v. Berry*, 869 F.3d 358, 359 (5th Cir. 2017).

Accordingly, the judgment of the district court is AFFIRMED, and Mitts's "Motion for Court to Hear Appeal" is DENIED as unnecessary.