# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1637-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:*

Rene Flores, federal prisoner # 57454-079, pleaded guilty to and was convicted of conspiracy to possess with intent to distribute methamphetamine. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In that motion, Flores relied upon Amendment 782 to the Sentencing Guidelines and the Supreme Court's decision in *Hughes v. United*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*States*, 138 S. Ct. 1765 (2018).  By moving to proceed IFP, Flores is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997).  Flores's motion for leave to file a supplemental appellate brief and an attachment to the brief is GRANTED.

We review the district court's disposition of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018).  The district court must first consider whether the movant is eligible for a sentence reduction and the extent of the reduction authorized by the amendment.  *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Flores's argument that he was eligible for a sentence reduction under Amendment 782 is meritless.  His sentence is based upon his status as a career offender under U.S.S.G. § 4B1.1 and not the drug quantity tables under U.S.S.G. § 2D1.1.  As Amendment 782 affected only § 2D1.1 and not § 4B1.1, Flores's sentence was not based on a guidelines range that was subsequently lowered by the Sentencing Commission.  *See Quintanilla*, 868 F.3d at 318-22.  Moreover, because he did not enter into a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) and because his guidelines range was based on § 4B1.1 rather than § 2D1.1, Flores was not eligible for a sentence reduction under *Hughes*.  *See Hughes*, 138 S. Ct. at 1775-76.

For the first time in his pleadings before this court, Flores contends that his sentence is invalid and should be vacated because the district court failed to provide him the opportunity to withdraw his guilty plea in accordance with Rule 11(c)(5)(B) and because the Government did not file a notice of enhancement pursuant to 21 U.S.C. § 851.  He further contends that the district court violated Federal Rule of Criminal Procedure 48(b)(2) by

disturbing the Government's decision not to prosecute Flores as a career offender; that the district court engaged in judicial fact-finding which increased the statutory penalty range, in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States,* 570 U.S. 99 (2013); that he failed to receive the required notice under Federal Rule of Criminal Procedure 32(h), before the district court sua sponte departed above the guidelines range; and that the career offender enhancement is not an "adjustment" under the Guidelines and thus the district court erroneously interpreted the plea agreement.    These assertions relate to findings made at Flores's original sentencing and are not cognizable in a § 3582(c)(2) motion.  *See Dillon*, 560 U.S. at 831; *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

Therefore, Flores's appeal does not involve any "legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).  Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.