# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 21, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CRAIG LAQUINCY HILL,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CR-63-6

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Craig LaQuincy Hill, federal prisoner # 21572-078, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion, in which he sought a reduction of his sentence for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine hydrochloride and at least 28 grams but less than 280 grams of cocaine base. Hill sought the reduction based on Sentencing Guidelines Amendment 782. *See* U.S.S.G. App. C, amend. 782.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40449

Hill is ineligible for a sentence reduction under § 3582(c)(2) because his applicable guidelines range was determined based on the career offender enhancement under U.S.S.G. § 4B1.1 and not a drug quantity under U.S.S.G. § 2D1.1. *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Quintanilla*, 868 F.3d 315, 318-22 (5th Cir. 2017).[1] Amendment 782 did not change § 4B1.1 in any way. *Quintanilla*, 868 F.3d at 318.

Hill contends that he was not sentenced based on the career offender enhancement because the district court granted his motion for a downward variance at sentencing and imposed a below-guidelines sentence. Hill was not eligible for a § 3582(c)(2) sentence reduction unless Amendment 782 had "the effect of lowering [his] applicable guideline range." § 1B1.10(a)(2)(B). The "applicable guideline range" for purposes of § 1B1.10(a)(2)(B) is "the guideline range that . . . is determined before consideration of . . . any variance." § 1B1.10, p.s., comment. (n.1(A)). As the district court observed, its award of a downward variance did not negate its determination that the career offender enhancement applied to Hill.

AFFIRMED.

---

[1] The district court improperly construed Hill's motion as a request for relief under the First Step Act of 2018. However, we may affirm the denial of Hill's motion based on any ground supported by the record. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).