# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-50536
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

HUGO VILLARREAL-SOLIS, also known as El Pecho de Oro,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-314-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLET, Circuit Judges.
PER CURIAM:[*]

In 2002, Hugo Villarreal-Solis, federal prisoner # 12952-180, was convicted by a jury of numerous offenses, including operating a continuing criminal enterprise; three counts of murder in furtherance of a continuing criminal enterprise; ten counts of possession with intent to distribute marijuana; two counts of conspiracy to use or carry a firearm and to commit murder during the course of a firearms offense; two counts of using and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

carrying a firearm in furtherance of a drug trafficking offense; three counts of murder during the course of a firearms crime; money laundering conspiracy; and four counts of money laundering.  He was sentenced to life imprisonment, plus 420 months of imprisonment.

Villarreal-Solis appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the Sentencing Guidelines Amendment 782.  *See* U.S. Sentencing Guidelines Manual, Supp. to Appendix C, Amendment 782.  The district court construed his motion as seeking relief under the First Step Act of 2018 (FSA) and denied it.  Although the district court erred in construing his motion as seeking relief under the FSA, we may affirm the denial of his motion based on any ground supported by the record.  *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

Amendment 782, which became effective on November 1, 2014, lowered most drug-related base offense levels under U.S.S.G. § 2D1.1 by two levels, and it became retroactively applicable on November 1, 2015, to inmates who were sentenced before it took effect.  *See* U.S. Sentencing Guidelines Manual, Supp. To Appendix C, Amendment 782.  Villarreal-Solis's offense level was determined by grouping his convictions into three groups, and none of the base offense levels of these groups were based on a drug quantity under § 2D1.1.  Because Villarreal-Solis's guidelines range was not lowered by Amendment 782, he was ineligible for a sentence reduction under § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2)(B); *United States v. Quintanilla*, 868 F.3d 315, 318-22 (5th Cir. 2017).  His claims regarding the calculation and constitutionality of his original sentence were not cognizable in a § 3582(c)(2) motion.  *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

AFFIRMED.