# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 8, 2020

Lyle W. Cayce
Clerk

No. 19-51018
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO LARICO SMITH,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-32-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Antonio Larico Smith, federal prisoner # 36478-180, appeals the district court's denial of his motion for a reduction of sentence under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018), and the district court's denial of his motion to reconsider that decision. Smith

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the district court abused its discretion in denying a sentence reduction under the First Step Act because there was extensive evidence showing that his 347-month sentence was longer than necessary to comply with the sentencing goals of 18 U.S.C. § 3553(a).

We generally review a district court's decision whether to reduce a sentence pursuant to the First Step Act for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2699 (2020). The denial of Smith's motion for reconsideration is also reviewed for abuse of discretion. *See United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017) (internal quotation marks and citation omitted).

Section 404 of the First Step Act gives courts the discretion to apply the Fair Sentencing Act of 2010 to reduce a prisoner's sentence for certain covered offenses. § 404, 132 Stat. 5194, 5222; *United States v. Hegwood*, 934 F.3d 414, 416-17 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). There is no dispute that Smith's crack cocaine conviction was a covered offense, as the district court correctly determined. *See Hegwood*, 934 F.3d at 417. However, even if a defendant is eligible for resentencing under the First Step Act, he is not entitled to it, and the district court has broad discretion in determining whether to resentence. *Jackson*, 945 F.3d at 321.

Smith has not shown that the district court's assessment of the evidence was clearly erroneous. *See Quintanilla*, 868 F.3d at 319. Thus, although Smith disagrees with the weight given by the district court to the relevant factors, he has not demonstrated that the district court abused its broad discretion in declining to resentence him in accordance with the First

No. 19-51018

Step Act. *See Jackson*, 945 F. 3d at 319. Accordingly, the judgment of the district court is AFFIRMED.