# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2021

Lyle W. Cayce
Clerk

No. 20-30694
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAHSAAN JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-135-3

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Rahsaan Johnson, federal prisoner # 23433-034, pleaded guilty to three offenses: (1) conspiring to distribute five kilograms or more of cocaine and 50 grams or more of crack cocaine (Count 1); (2) conspiring to commit money laundering (Count 2); and, (3) carrying and using a firearm during and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

in relation to a drug trafficking crime to commit murder (Count 3).  Although his Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement called for life sentences on Count 1 and Count 3, the Government filed a memorandum in which it requested reductions in Johnson's agreed-on sentences due to his substantial assistance.  Consistent with the Government's request, the district court sentenced Johnson to 300-month terms of imprisonment on Count 1 and Count 3, and to a 240-month term of imprisonment on Count 2, all to run concurrently.

In the instant matter, Johnson appeals from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  As he did in the district court, Johnson asserts that he is eligible for a sentence reduction on account of Amendment 782.  He goes on to contend that, because he is eligible, the district court should have considered various possible methods for determining the appropriate reduction in his sentence pursuant to U.S.S.G. § 1B1.10(b)(2)(B), p.s.  He also argues that a reduction in sentence is warranted based on a consideration of the sentencing factors of 18 U.S.C. § 3553(a).

Generally, we review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  However, as relevant here, we review de novo whether a district court has authority to reduce a sentence under § 3582(c)(2).  *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(2).  In determining

No. 20-30694

whether to reduce a sentence under § 3582(c)(2), the district court first determines whether the defendant is eligible for a sentence modification. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If the district court determines that a defendant is eligible, it must then consider the applicable § 3553(a) factors to decide whether a reduction "is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

Here, the record reflects that the probation officer grouped the three counts of conviction pursuant to U.S.S.G. § 3D1.2(c) and determined Johnson's base offense level under U.S.S.G. § 2A1.1(a), the guideline for First Degree Murder. Amendment 782, which "lowered only the [U.S.S.G.] § 2D1.1 drug quantity guideline range," *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017), therefore did not affect Johnson's guidelines range. Because § 2D1.1 was not applicable to Johnson, and Amendment 782 did not have the effect of lowering Johnson's applicable guideline range, a sentence reduction was not authorized. *See Quintanilla*, 868 F.3d at 319; U.S.S.G. § 1B1.10(a)(2)(B), p.s. In view of the foregoing, the district court did not err in denying the § 3582(c)(2) motion. *See Quintanilla*, 868 F.3d at 319.

In his reply brief, Johnson argues for the first time that the district court may have not have understood that it had the authority to sua sponte reduce his sentence under Section 404 of the First Step Act of 2018, and he urges us to vacate the district court's order and remand for further proceedings. We need not address this contention because we do not review arguments raised for the first time in a reply brief. *See United States v. Ramirez*, 557 F.3d 200, 203 (5th Cir. 2009).

AFFIRMED.