# United States Court of Appeals for the Fifth Circuit

---

No. 24-40326
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Christian Morales,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CR-1384-1

---

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Christian Morales, federal prisoner # 13910-510, moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines, based on his status as a zero-point offender. By moving to proceed IFP in this court, Morales is challenging the district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court's ruling that he did not demonstrate a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Firstly, Morales argues that the district court abused its discretion in failing to determine whether he was eligible for a sentence reduction, as is required by *Dillon v. United States*, 560 U.S. 817, 826 (2010). Contrary to his assertion, the district court did determine that he was eligible for a reduction. In addition, Morales asserts that the district court abused its discretion in its evaluation of the 18 U.S.C. § 3553(a) factors because it failed to take into consideration his postconviction rehabilitation. The district court's opinion reflects that it considered the record, which included Morales's arguments regarding his rehabilitation. Morales's disagreement with the district court's balancing of the § 3553(a) factors is not sufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009).

Morales has failed to show he has a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion. *See United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017); *Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.