# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-40039
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Homero Rey Cantu, Jr.,

*Defendant—Appellant.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-382-1

---

Before Southwick, Duncan, and Engelhardt, *Circuit Judges.*

Per Curiam:[*]

Homero Rey Cantu, Jr., federal prisoner # 98371-079, filed a motion pursuant to 18 U.S.C. § 3582(c)(1)(B) and the First Step Act of 2018 (FSA). In this motion, he sought reconsideration of an order issued in June 2023, in which the district court denied reconsideration of Cantu's 18 U.S.C. § 3582(c)(2) motion seeking relief pursuant to Amendment 782 of the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40039

Sentencing Guidelines. The district court denied relief, and Cantu now moves for leave to proceed in forma pauperis (IFP) on appeal. Although in the same order the district court also denied a § 3582(c)(2) motion seeking relief pursuant to Amendment 821, Cantu does not challenge this ruling, and any such argument is thus abandoned. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

To proceed IFP, Cantu must demonstrate financial eligibility and the existence of any nonfrivolous appellate issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982); Fed. R. App. P. 24(a)(1), (5). He has failed to provide an affidavit or any certified statement supporting his assertion that he is financially eligible to proceed without paying the costs of his appeal. *See* Fed. R. App. P. 24(a)(1). However, even if the unsworn documents submitted support a conclusion that Cantu is unable to afford the costs of litigation without undue hardship or deprivation of life's necessities, *see Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he still must present a nonfrivolous issue for appeal, *see Carson*, 689 F.2d at 586.

Cantu maintains that the court has misinterpreted the FSA and has failed to acknowledge that it should consider post-sentencing developments, such as changes in the law and his rehabilitation efforts, in determining whether he should receive relief. He also argues that the district court failed to give adequate reasons for its denial of relief. As the district court pointed out in its order denying relief, it had previously explicitly rejected Cantu's arguments that he was entitled to a reduction in his sentence for a marijuana conspiracy under § 404 of the FSA, which affected the mandatory minimum sentences for crack cocaine offenses. The district court also pointed to prior decisions in which it acknowledged and credited Cantu's rehabilitative efforts while in prison but concluded that the 18 U.S.C. § 3553(a) factors, including the nature of the offense, Cantu's criminal history, the risk of danger to the public, and the need for deterrence, did not justify granting a

2

reduction in sentence under Amendment 782. Cantu's disagreement with the court's weighing of the sentencing factors is insufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672-73 (5th Cir. 2009). Moreover, the court's opinion, which cites to its prior decisions referring to the changes in the legal landscape and Cantu's rehabilitation, shows that the district court considered his arguments, which provides sufficient reasons. *See Evans*, 587 F.3d at 673-74.

Cantu has failed to show he has a nonfrivolous argument that the district court abused its discretion in denying his motion. *See United States v. Batiste*, 980 F.3d 466, 469 (5th Cir. 2020); *United States v. Quintanilla*, 868 F.3d 315, 319 (5th Cir. 2017); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.