# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30485
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 17, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALVIN EFFRON,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-71-1

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Calvin Effron, federal prisoner # 30542-034, moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion and postjudgment motion for clarification and reconsideration. The district court denied Effron leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith because Effron is ineligible for a sentence reduction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30485

By moving to proceed IFP, Effron is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Because Effron's sentence was based on the career offender Sentencing Guideline, he is ineligible for a sentence reduction pursuant to the amendments that revised the drug Guideline. *See United States v. Quintanilla*, 868 F.3d 315, 319-22 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018). Therefore, the district court did not abuse its discretion or otherwise err in denying Effron's motions. *See id.* at 319; *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).

To the extent that Effron argues he is eligible for a sentence reduction because the district court stated at resentencing that the sentence was not based on his status as a career offender, he misunderstands the district court's statements. The district court's statements at resentencing reflect that it based the sentence on the guidelines range that applied with the career offender enhancement even though the district court indicated that it would have imposed the same sentence as an upward variance from the guidelines range even if the career offender enhancement did not apply.

Effron's remaining arguments are without merit. He argues that the district court abused its discretion by failing to explain why it denied his § 3582(c)(2) motion and by failing to consider the 18 U.S.C. § 3553(a) factors. The district court clarified its reasons for denying Effron's § 3582(c)(2) motion. Because Effron is ineligible for a sentence reduction, the district court could not proceed to the next step of the sentence-reduction process by determining

2

No. 17-30485

whether to reduce his sentence in consideration of the § 3553(a) factors.  *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

For the foregoing reasons, the appeal lacks arguable merit and is therefore frivolous.  *See Howard*, 707 F.2d at 220.  Effron's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.