# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10306
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANDRE LAMONT RAWLS,

Defendant–Appellant.

Cons. w/No. 16-10329

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PAMELA HARRIS,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-334-4
USDC No. 3:90-CR-189-6

No. 16-10306
c/w No. 16-10329

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Andre Lamont Rawls, federal prisoner # 03285-017, and Pamela Harris, federal prisoner # 21153-077, appeal following the district court's denial of their 18 U.S.C. § 3582(c)(2) motions to reduce their sentences based on Amendment 782 to the Sentencing Guidelines (U.S.S.G.). Rawls pleaded guilty to conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine. The district court determined that Rawls was a career offender pursuant to U.S.S.G. § 4B1.1 but gave him credit for substantial assistance and sentenced him to 151 months in prison. Rawls now argues that his applicable guidelines range has been reduced pursuant to Amendment 782 because the district court erroneously determined that he was a career offender, as his prior Florida convictions for cocaine trafficking were broader than the generic definition of a controlled substance offense.

Harris was convicted in 1991 of conspiracy to sell five kilograms or more of cocaine. The district court determined that her offense level was 38 pursuant to U.S.S.G. § 2D1.1 and sentenced her to 360 months in prison. When Harris sought a sentencing reduction under § 3582(c)(2), the district court ascertained that although application of Amendment 782 would have resulted in an offense level of 36 under § 2D1.1, Harris would have been found to be a career offender with an offense level of 37 under § 4B1.1(b)(1) based on the statutory maximum life sentence, which would result in the same guidelines range. Harris maintains that, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court should have recognized that she should not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

faced a life sentence because the jury was not advised that it had to find the relevant drug quantity. She therefore asserts that the court should have determined that the offense level under § 4B1.1(b)(3) was 32 based on the proper statutory maximum sentence of 20 years, that her sentence therefore would have been based on the offense level of 36 calculated under § 2D1.1, and that she was entitled to a reduced sentence under the newly applicable guidelines range.

Because Rawls and Harris are challenging whether the district court had authority to reduce their sentences under § 3582(c)(2), we review the district court's determination de novo. *United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010). A § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *See Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995); U.S.S.G. § 1B1.10(a)(3). A district court considering a reduction under § 3582(c)(2) must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced." § 1B1.10(b)(1). Rawls's challenge to the applicability of the career offender Guideline constitutes "a challenge to the appropriateness of the original sentence," which is not cognizable under § 3582(c)(2). *Whitebird*, 55 F.3d at 1011. Likewise, Harris's assertion that *Apprendi* should be taken into account in determining the statutory maximum sentence she faced for the purpose of determining the offense level of the career offender Guideline in effect asks the court to determine the amended guidelines range post-*Apprendi*, rather than the range "that would have been applicable . . . if the amendment(s) . . . had been in effect" at the time of her sentencing. § 1B1.10(b)(1). Moreover, *Apprendi* is not

No. 16-10306
c/w No. 16-10329

retroactively applicable to cases that became final before it was decided. *United States v. Brown*, 305 F.3d 304, 309-10 (5th Cir. 2002) (per curiam).

The judgments in these cases are therefore AFFIRMED.