# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30938
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVIN L. NEAL, JR., also known as Moon Neal,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-28-1

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Alvin L. Neal, Jr., federal prisoner # 31888-034, pleaded guilty to and was convicted of three counts of possession with intent to distribute a controlled substance. He now moves for leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). In that motion, Neal relied upon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30938

Amendment 782 to the Sentencing Guidelines and the Supreme Court's decision in *Hughes v. United States*, 138 S. Ct. 1765 (2018).

As an initial matter, Neal raises no issue challenging the dismissal of his 28 U.S.C. § 2255 motion. Accordingly, he has waived any such challenge. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

By moving to proceed IFP, Neal challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 201-02 (5th Cir. 1997). Our inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

To the extent that Neal reurges his claim for a sentence reduction under Amendment 782 his argument is unavailing. Neal's sentence is based upon his status as a career offender under U.S.S.G. § 4B1.1 and not the drug-quantity tables under U.S.S.G. § 2D1.1. As Amendment 782 affected only § 2D1.1 and not § 4B1.1, Neal's sentence was not based on a guidelines range that was subsequently lowered by the Sentencing Commission. *See United States v. Quintanilla*, 868 F.3d 315, 318-22, n.10 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018).

Moreover, Neal's reliance upon *Hughes* is misguided. In *Hughes*, the Supreme Court held that a sentence reduction under § 3582(c)(2) is available in cases where the defendant pleaded guilty pursuant to a plea agreement under Federal Rules of Criminal Procedure Rule 11(c)(1)(C), if the guidelines range was part of the framework that the district court used in sentencing the defendant. *Hughes*, 138 S. Ct. at 1775-76. Neal entered into a Federal Rules of Criminal Procedure Rule 11(c)(1)(A) plea agreement in which he agreed to

plead guilty to three counts of possession with intent to distribute in exchange for the government's agreement to move to dismiss the other counts of the indictment. FED. R. CRIM. P. 11(c)(1)(A). As such, *Hughes* is inapposite. Even if *Hughes* was applicable, Neal would not be entitled to a sentence reduction under § 3582(c)(2) for the reasons set forth above.

To the extent Neal raises arguments regarding the First Step Act and the alleged effect of his reduction in sentence for substantial assistance, Neal merely lists these contentions but fails to brief adequately the issues. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010) (finding a failure to brief constitutes waiver). Even if we considered Neal's argument based on the reduction for substantial assistance, Neal would not be entitled to relief. *See United States v. Rawls*, 690 F. App'x 866, 867 (5th Cir.), *cert. denied*, 138 S. Ct. 406 (2017) (A "challenge to the applicability of the career offender Guideline constitutes 'a challenge to the appropriateness of the original sentence,' which is not cognizable under § 3582(c)(2).").

Therefore, Neal's appeal does not involve any "legal points arguable on their merits." *Howard*, 707 F.2d at 220 (internal quotation marks and citations omitted). Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.