# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-40822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE WARNER, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-55-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Eddie Warner, Jr., federal prisoner # 15092-035, pleaded guilty to possession with intent to distribute 50 grams or more of cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). He appeals the denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782, and he also argues that his binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C) did not bar relief according to *Hughes v. United States*, 138 S. Ct. 1765 (2018).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, with guideline interpretations reviewed de novo, and findings of fact for clear error. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).

The Sentencing Guidelines provide that a defendant is not eligible for a reduction if a retroactively applicable amendment to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). Warner was determined to be a career offender, and his guideline range was based on the career offender guidelines. We have held that "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009). "Because Amendment 782 did not lower the guideline range under § 4B1.1, [Warner] is [not] entitled to a sentence reduction under § 1B1.10(a)(1) or § 3582(c)(2)." *See United States v. Quintanilla*, 868 F.3d 315, 321 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1283 (2018). Thus, the district court did not abuse its discretion in denying Warner's motion because he was ineligible due to the determination that he was a career offender under § 4B1.1.

As for Warner's argument that he no longer qualifies for application of the career offender guideline, § 3582(c)(2) relief may be obtained based only on retroactive amendments listed in § 1B1.10(d), *see* § 1B1.10(a), and proceedings under § 3582(c)(2) do not entitle a defendant to full resentencing, *see* § 1B1.10(a)(3). Thus, a § 3582(c)(2) motion is not the proper vehicle for Warner to challenge the application of the career offender guideline. *See United States*

No. 18-40822

*v. Hernandez*, 645 F.3d 709, 712-13 (5th Cir. 2011) (stating that a § 3582(c)(2) proceeding is not the appropriate vehicle for relitigating the application of the guidelines).  Contrary to Warner's assertion, the district court did not deny his motion on the basis of the binding plea agreement.

This is Warner's third unsuccessful pro se § 3582(c)(2) motion seeking a sentence reduction after being denied relief as a career offender.  Warner is CAUTIONED that future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction.  He is further warned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; SANCTION WARNING ISSUED.